# Blakely *v.* Sousa (No. 2).

*Contract—Master and servant—Musical compositions.*

Where a contract between a bandmaster and his manager provides that music to be composed during the time of the bandmaster's employment shall be the joint property of the parties, royalties on music composed during the employment accrue after the manager's death and the termination of the contract thereby, jointly to the bandmaster and the representatives of the deceased manager.

Argued Jan. 22, 1900. Appeal, No. 333, Jan. T., 1899, by defendant, from decree of C. P. No. 2, Phila. Co., March T., 1897, No. 1365, dismissing exceptions to report of referee in case of Ada P. Blakely, individually and as administratrix of David Blakely, deceased, v. John Philip Sousa. Before Mc-Collum, Mitchell. Fell Brown and Mestrezat, JJ. Affirmed.

Bill in equity for an injunction.

Exceptions to report of referee, Charles E. Morgan, Esq.

The facts appear by the report of Blakely v. Sousa (No. 1).

*Errors assigned* were in dismissing exceptions to referee's report.

*James Gay Gordon,* with him *William A. Redding* and *Vernon M. Davis,* for appellant.

*James M. Beck* and *John G. Johnson,* with them *W. C. Low,* for appellee.

Opinion by Mr. Justice Brown, October 8, 1900:

The appellant here is the appellee in another appeal from the same decree. In that appeal, which we have this day disposed of, we considered the most important questions involved in the controversy. Only two questions require attention here, and, before considering them, we overrule the first, sixth and eighth assignments of error, because they are without merit, unless we disturb, in the absence of proper reasons, findings of fact by the referee, approved by the court below.

By the second, third, fourth and seventh assignments of error we are asked to reverse the decree appealed from, so far as it requires Sousa to account to complainant for all moneys received by him from sales or negotiations of the musical compositions composed or controlled by him up to the death of Blakely. It is urged that the learned referee gave no reason for his recommendation as to the royalties on the music sold, and that, as he held the contract between the parties terminated by the death of Blakely, consistency required him to find Sousa relieved from all liability, under the twelfth clause except for royalties received during the lifetime of his employer. With this clause, unambiguous in its terms before him, he would have done violence to it if he had interpreted it differently, and he gave good reason for his construction of it in saying: "The right to share the profits of sales or negotiations of the music referred to is without limitation as to duration, and upon Blakely's death was a part of his estate and vested in his legal representative, the plaintiff; it attached to all musical compositions composed or controlled by the defendant at the date of the agreement, viz: June 27, 1892, and also to all musical compositions composed by him thereafter until the end of his employment by Blakely, which I have found terminated upon Blakely's death; Blakely expressly assuming the risk of loss of cost of publication." From an equitable standpoint, this clause ought to be so interpreted. Sousa entered into the contract with Blakely, that his reputation as a musician might increase, and that, under the latter's intelligent management, great profit might come to him from his genius and skill. By his contract, he agreed that the profits of the sales of music composed or controlled by him at that time, and to be composed during the term of his employment, should be their joint property. He stipulated that, in consideration of the promises of Blakely, the latter should share with him in the results of work done by him prior to and during his employment. During the time of his employment, all that he did was to be done for the joint benefit of himself and Blakely. The latter, by the very terms of the contract, was, during its continuance, to have all his time for their mutual benefit. At the termination of the employment, his time again became his own, and this decree deprives him of nothing resulting from music composed by him

since his employer's death.   It simply gives the estate of the deceased what he had agreed to give, a share of the royalties on music composed or controlled by him prior to and during the contract which terminated with Blakely's death.   This was an entirely proper agreement to be made by Sousa, and the decree of which he complains simply holds him to it.

In finding that the right of property in the musical compositions mentioned in clause thirteen of the agreement was in the plaintiff, and in recommending a decree that the defendant surrender them to her and account for their use, the referee was manifestly correct.   He read and interpreted the clause as it was written.   Sousa had transferred this property to Blakely, and the decree gives his estate simply what belongs to it.   The fifth and ninth assignments are not sustained, and the tenth is formally overruled.   The decree, having done justice to both these complaining parties, is affirmed and this appeal dismissed at the costs of the appellant.