NORA HATHAWAY vs. JAMES G. CRONIN, administrator with the will annexed.

Suffolk. October 4, 1938. — November 1, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Contract*, Implied, Performance and breach, Of personal service. *Pleading, Civil*, Declaration.

In an action by a woman upon an account annexed for "board, room, lodging, care and nursing" furnished by the plaintiff to the defendant's testate, a finding for the plaintiff was warranted upon evidence that the testate orally promised the plaintiff that, if she would care for him in her home during the rest of his life, she would receive half of his money, that the plaintiff so cared for him until six months before his death, when she had to cease doing so because of her own ill health, and that she received nothing under the testate's will.

CONTRACT. Writ in the Superior Court dated January 27, 1937.

There was a verdict for the plaintiff in the sum of $3,000 at the trial before *Brogna*, J. The defendant alleged exceptions.

*L. A. Matthews*, for the defendant, submitted a brief.

*E. McGonagle*, for the plaintiff.

DOLAN, J. This is an action of contract on an account annexed to recover compensation for "board, room, lodging, care and nursing" furnished by the plaintiff to the defendant's testatrix, who will be hereinafter described as the decedent. The defendant's answer contained a general denial and a plea of payment. The case was tried to a jury and at the close of the evidence the defendant filed a motion for a directed verdict, which was denied subject to his exception. The jury returned a verdict for the plaintiff. The only exception argued by the defendant before us was that taken to the denial of his motion for a directed verdict.

The evidence in its aspect most favorable to the plaintiff would warrant the jury in finding the following facts: The

plaintiff had known the decedent, who was about seventy years of age, for about thirty years. They had worked together prior to the plaintiff's marriage and thereafter the decedent visited the plaintiff frequently, over a period of twenty-five years, and on many occasions was her guest over "week ends."

About August 1, 1931, the decedent told the plaintiff she would like to make her home during the rest of her life with the plaintiff. The decedent said that she would leave the plaintiff "half the money she had." The plaintiff was to care for the decedent, and did take care of her from August 1, 1931, to July 2, 1935, furnishing her with "board, room, laundry and companionship and also took her to church under the above agreements." The plaintiff expected to be paid for her services "by getting one half of the money that the decedent left when she died." She received no money for the services rendered to the decedent except about $100 which was for extra meals when the decedent had visitors. In July, 1935, the plaintiff became unable, by reason of poor health, to continue to furnish the services agreed upon to the decedent and at that time "sent for the decedent's sister-in-law to come for her." The decedent left the plaintiff's home on July 2, 1935, and died on January 19, 1936, leaving a will which contained the following provision: "I give and bequeath to Mrs. Nora Hathaway wife of Mr. Herbert Hathaway, of 207 Massasoit Road, Worcester, Massachusetts, the total sum of cash deposited by me in my name in the Savings Department of the Worcester County Bank." At the time of the decedent's death there was no deposit standing in her name in the savings department of the Worcester County Bank. There was no evidence that the decedent had a deposit in the savings department of that bank or of any bank in Worcester at any time.

Entirely apart from any infirmities in the express contract which might arise under the provisions of the statute of frauds (G. L. [Ter. Ed.] c. 259, § 5), it is obvious that the plaintiff could not rely upon that contract as she had not fully performed its terms.

The fact, however, that the plaintiff, after having complied with the terms of the agreement for almost four years, became unable by reason of poor health to continue to do so, does not preclude her from recovering for the board and lodging furnished and the services rendered to the decedent. The agreement was of such a nature as to admit only of a personal performance by the plaintiff, and the parties thereto must be taken to have acted upon the assumption of the continued ability of the plaintiff to perform. *Stewart* v. *Loring,* 5 Allen, 306, 307. *Fuller* v. *Brown,* 11 Met. 440. *Harrison* v. *Conlan,* 10 Allen, 85, 86. *Harrington* v. *Fall River Iron Works Co.* 119 Mass. 82, 83. *Johnson* v. *Walker,* 155 Mass. 253, 254. *Stearns* v. *Blevins,* 262 Mass. 577, 580.

The sole count of the plaintiff's declaration on an account annexed was sufficient, since the case proved would be correctly described by the common counts for "Board (and lodging) furnished by the plaintiff for the" decedent and "Work done by the plaintiff for the" decedent. See G. L. (Ter. Ed.) c. 231, § 147, Forms, (1) (f) (d). A "plaintiff who declares on a count on an account annexed has by legal intendment made with respect to the item stated in the account annexed all the allegations contained in all the common counts . . . ." *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 310. *Beverly Hospital* v. *Early,* 292 Mass. 201, 202–203, and cases cited. *DeMontague* v. *Bacharach,* 187 Mass. 128, 132. *Williams* v. *Bemis,* 108 Mass. 91, 92.

No question is presented for our determination as to the measure of damages. The sole exception of the defendant which has been argued is to the denial of his motion for a directed verdict in his favor. Since the evidence would warrant a finding for the plaintiff, the judge could not have properly ordered a verdict for the defendant. The defendant's exception to the admission of certain evidence, not having been argued, is treated as waived.

*Exceptions overruled.*