MARY C. BURKE *vs.* THE FIRESTONE TIRE & RUBBER COMPANY.

Suffolk.     February 6, 1946. — March 27, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence,* Dealer, Dangerous article, Tire. *Pleading, Civil,* Demurrer.

Allegations in a declaration in tort, in substance that the defendant, a dealer in tires, negligently permitted to be sold and affixed to an automobile a recapped tire in a condition which he knew to be defective or could have "discovered" "upon a proper examination" to be so and that because of such condition the tire blew out while in motion and caused the automobile to overturn with consequent injury to the plaintiff, an occupant of the automobile, stated a cause of action notwithstanding that no contractual relation between the plaintiff and the defendant was alleged.

A demurrer to a declaration as a whole must be overruled if any of several counts states a cause of action.

TORT. Writ in the Municipal Court of the City of Boston dated March 11, 1943.

Upon removal to the Superior Court, a demurrer was heard by *Donahue, J.*

*G. J. Barry,* for the plaintiff.

*S. Macmillan,* for the defendant.

QUA, J. This case is here on the plaintiff's appeal from an order sustaining a demurrer to her amended declaration.

The first count of the declaration simply alleges that on March 15, 1942, while the plaintiff was lawfully riding in a motor vehicle on a named public highway she sustained personal injuries owing to the negligence of the defendant. To this is added an allegation of damages from physical and mental suffering, expense, and loss of working ability, and a statement that the action arises "out of the operation of

a motor vehicle." The second count, added by amendment, alleges that on March 15, 1942, the plaintiff was the occupant of an automobile by invitation of the owner and of one Lane; that Lane had purchased a recapped tire from the defendant, a dealer in tires; that the defendant had affixed the tire to the automobile; that the tire "was defective, which said defective condition was known to the defendant, or could have been discovered by the defendant upon proper examination"; that by reason of said defective condition said tire blew out while in motion, causing said automobile to overturn; that the defendant negligently permitted said tire to be sold and affixed to said automobile while in said defective condition; that by reason of said defective condition of said tire the plaintiff was thrown from said automobile when said tire blew out; and that by reason of said defendant's negligence the plaintiff sustained severe personal injuries.

The demurrer is "to the plaintiff's amended declaration" and for causes of demurrer sets up that the first and second counts are "insufficient in law," and that the second count does not set forth a legal cause of action because the "manufacturer" is not liable for negligence in "manufacture" to third persons who have no contractual relations with it.

It is plain that under our recent decision in *Carter* v. *Yardley & Co. Ltd. ante,* 92, decided since the ruling of the Superior Court in this case, the second count states a good cause of action. It would be useless to add anything now to what was said in the *Carter* case.

And since the demurrer is by its express terms addressed to the declaration as a whole, it must be overruled if either count is good. *Brown* v. *Castles,* 11 Cush. 348. *Sears* v. *Trowbridge,* 15 Gray, 184. *Vitagraph, Inc.* v. *Park Theatre Co. of Boston,* 249 Mass. 25, 31. *National House Furnishing Co.* v. *Anderson,* 316 Mass. 301, 303. *Brown* v. *Duchesne,* 2 Curt. C. C. 97. *Backus* v. *Richardson,* 5 Johns. 476. Compare *May* v. *Western Union Telegraph Co.* 112 Mass. 90, 94. Therefore we need not determine whether a demurrer separately addressed to the first count should have

been sustained on the ground that the nature of the defendant's negligence is not stated.

The order sustaining the demurrer is reversed, and an order is to be entered overruling the demurrer.

*So ordered.*