Riley, P. J.
In this action of contract the plaintiff seeks to recover from the defendant upon an account annexed the sum of $560.00 for room and board at $10.00 per week from November 1,1943 to December 1,1944.
The defendant’s answer is a general denial and an allegation of payment.
The plaintiff’s evidence tends to show that she lived with her husband and two minor children on Union Street, in Springfield; that at some time in July 1943, the defendant, at the request of the plaintiff’s husband, came to board and room at the plaintiff’s home, agreeing to pay therefor the sum of $8.00 per week, which amount he paid to the plain-. tiff’s husband until the husband went to the hospital the first of November 1943, and the defendant never paid anything thereafter, although he continued to board and room at the plaintiff’s home until December' 1944; that the husband died on January 24, 1944; that some time in November 1943, the plaintiff told the defendant that she would *228 have to raise the price of his board and room to $10.00 per week as she could not afford to cook, wash and give the defendant a room for $8.00 per week; that the defendant told her that his arrangements had been made with her husband and that he would not pay $10.00 per week; that on several occasions after the plaintiff’s husband died she asked the defendant to pay her for the room and board she furnished him but he refused to pay her; that also on several occasions after the death of her husband, the plaintiff loaned money totaling over Three Thousand ($3,000.00) Dollars to the defendant, which money she received from life insurance companies; that she has a suit pending in the Hampden Superior Court against the defendant to recover the money she loaned to the defendant; that after her husband’s death the defendant paid a few bills for groceries, electricity, telephone, hospital bill of husband, purchased a kitchen range for the plaintiff costing Two Hundred Dollars ($200.00), and made gifts to the children and to the plaintiff; that the plaintiff credited him for the money he expended on her account on the account she had against him for money loaned; that the defendant shared a room with the plaintiff’s husband until the husband was taken to the hospital; that the plaintiff occupied a room with her daughter and the son occupied the remaining bedroom; that after the husband’s death the defendant continued to occupy the same room as formerly; that three or four times after the husband’s death whenever the plaintiff requested the defendant to pay her for his room and board he would tell her that he did not have the money and would offer her two or three dollars which the plaintiff took.
The defendant’s testimony contradicted that of the plaintiff and described an altogether different arrangement between the parties but the Report states that his testimony was disbelieved by the court.
*229 The trial judge made the following special Finding of Fact, “The Court specially finds that the defendant knew that the plaintiff expected to be paid for the room and board she furnished the defendant, and that the services she rendered him were not gratuitous; that the relationship between the parties was not illegal; and that the fair and reasonable value of the room and board furnished by the plaintiff to the defendant was at the rate of $8.00 per week.” and found for the plaintiff in the sum of $448.00.
The defendant duly made the following requests for rulings: 1. Upon all the evidence the plaintiff is not entitled to recover unless she proves an express contract to pay $10.00 weekly for room and board; 2. Upon all the evidence the plaintiff is not entitled to recover unless there was a mutual intent to contract, either express or implied; 3. Upon all the evidence, if the plaintiff and the defendant were living together illegally, the plaintiff is not entitled to recover.
The trial judge made the following disposition of the defendant’s requests: 1. First request denied as the plaintiff on an account annexed can recover what the room and board was reasonably worth; 2. Second request granted as a correct statement of law, but the court found an implied contract; 3. Third request granted as a correct statement of law, but the court found there was no illegality in the relationship between the plaintiff and the defendant.
After the finding for the plaintiff, the defendant duly made a motion for a new trial because of newly discovered evidence and for mistake of law injuriously affecting his substantial rights. He gave as reasons for the motion that the plaintiff, from December 1944 until June 6, 1946, the date of the trial, had in her possession all of the defendant’s bank statements, cancelled checks and bank books covering a period from October 1943 to February 1945; that the plain *230 tiff only surrendered these to the defendant under a notice to produce them at the trial and that during the trial there was not sufficient opportunity for the defendant to examine his vouchers. In his motion he further stated that since the trial an examination of the cancelled vouchers disclosed numerous substantial payments made by the defendant which he desired to have considered in the determination of the action.
The trial judge denied the motion for new trial and has reported for decision his action in refusing the new trial and also his action in dealing with the defendant’s requests.
The defendant’s first and second requests were properly dealt with and refused by the trial judge in view of his Findings of Fact; See Hathaway vs. Cronin, 301 Mass. 419, 421, where the court says “A plaintiff who declares on a count on an account annexed has by legal intendment made, with respect to the items stated in the account annexed, all the allegations contained in all the common counts”. It is to be noted that the defendant paid the plaintiff’s' husband $8.00 -a week until the husband went to the hospital in November 1943 and that thereafter, when the plaintiff' told him that she would have to raise the price to $10.00 per week, he did not decline to make any payment but insisted he would not pay $10.00 a week because of the arrangements he had made with the plaintiff’s husband. On all the evidence we think the judge was warranted in finding an implied contract on the part of the defendant to pay the plaintiff for his board and room after October 1943, at which time the plaintiff’s husband had left the household never to return.
The third request was properly dealt with as the judge declined to find the facts upon which the request was predicated.
*231 A motion for a new trial on newly discovered evidence is addressed to the sound judicial discretion of the trial judge. Henry L. Sawyer Co. vs. Boyajian, 298 Mass. 415 at 416 and cases cited. As was said in that case, ‘ ‘ The evidence may have been so clear in favor of the plaintiff on the merits as to render futile a new trial”. The principal purpose of the defendant, as shown by his motion, was to obtain further credit by way of payments made by the defendant, which were said to have been disclosed by his cancelled vouchers. The Report shows that the plaintiff has another suit pending in the Hampden Superior Court against the defendant to recover money she loaned to the defendant and that she has credited him for the money expended on the account she had against him for money loaned. This she had the right to do in the absence of some previous express appropriation of the payments made by the defendant and, accordingly, such payments would be of no benefit to the defendant in the present suit. Allen vs. Kimball, 23 Pick. 473 at 475. Saunders vs. McCarthy, 8 Allen 42 at 45.
There appears to have been no error in the denial of the defendant’s motion for new trial or in the denial of his Requests for Rulings and the Report is, therefore, ordered dismissed.
The Hon. Charles L. Hibbard, the then Presiding Justice, presided at the hearing in this ease but died before the Opinion was written.