DAVID FLOWER *vs.* TOWN OF BILLERICA
(and a companion case between the same parties).

Middlesex.    February 7, 1949. — July 5, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Easement. Deed*, Construction. *Way*, Private: water pipes; Public: public easement, water pipes. *Eminent Domain*, Extent of taking. *Words*, "Exclusive," "Subject to."

A grant, in the following words, of "the sole and exclusive right (subject only to rights taken by eminent domain) to lay, maintain, operate, repair and remove, pipes, mains, fixtures and other conduits for the distribution of water through . . . [a private way]. In case of taking by eminent domain of any right, interest or property conveyed herein, all damages and compensation therefor shall be paid to the grantee," was not "exclusive" as against an easement for highway purposes taken by eminent domain in connection with a layout of the way as a public way.

A taking by eminent domain of an easement for highway purposes in con-
nection with a layout of a private way as a public way did not take a
certain easement which had been previously acquired in the private
way by grant and was defined as "the sole and exclusive right (subject
only to rights taken by eminent domain) to lay, maintain, operate,
repair and remove, pipes, mains, fixtures and other conduits for the
distribution of water through" the way; the acquisition of the granted
easement was not necessary to the purposes of the layout.

A grant by the owner of the fee of a private way of an easement to main-
tain water pipes therein creates no "franchise."

Two PETITIONS, filed in the Superior Court respectively
on January 31, 1941, and June 12, 1944.

The cases were heard by *Good*, J.

*W. Kopans*, for the petitioner.

*P. H. Ready*, for the respondent.

WILKINS, J.   These two petitions for the assessment of
damages resulting from the taking by eminent domain of
easements for highway purposes in certain private ways
near Nuttings Lake in the respondent town allege a taking
of the petitioner's exclusive easement to maintain a water
system in those ways.   For the background of the con-
troversy, see proceedings for trespass prior to the takings.
*Suburban Land Co. Inc.* v. *Billerica*, 314 Mass. 184.   *Flower*
v. *Billerica*, 320 Mass. 193.   The first petition now before
us relates to a taking on March 22, 1940, on Marshall Street,
Burtt Road, Cherry Road, and Pine Road, and the second
to a taking on August 23, 1943, on Lake Street.   The peti-
tioner's exceptions are to the refusal of his requests for
rulings and to "the findings and rulings of the court."

The judge filed the following: "Court finds and rules
plaintiff's easement was not exclusive of the defendant's
right to take an easement by way of eminent domain.   At
the time of the trespass the plaintiff was engaged in the
business of selling water; following the trespass and prior
to the taking, no business was conducted by the plaintiff
on the streets involved in these proceedings.   The plaintiff
has been paid by the defendant for damages due to trespass.
In these proceedings the court finds and rules that the
plaintiff has suffered no damage for which the defendant

is answerable. Court finds for the defendant. These findings and rulings dispose of the plaintiff's requests for rulings."

Two of the petitioner's requests were: "1. The plaintiff, at the time of the taking by the defendant, was the owner of the exclusive easement in Lake St., Marshall St., Burt St., Pine St. and Cherry St. for purposes of a water system. 2. The plaintiff, as the owner of the exclusive easement in Lake, Marshall, Burt, Pine and Cherry Streets, is entitled to recover damages, for the value of said easement, upon the taking by the defendant by eminent domain."

The petitioner's rights were acquired as grantee under a deed dated May 23, 1935, from Suburban Land Company, Inc. On that date the land company foreclosed a mortgage given to it by the Nuttings Lake Water Company, Inc., and the petitioner acquired at the foreclosure sale all the right, title, and interest of the water company. *Suburban Land Co. Inc.* v. *Billerica*, 314 Mass. 184, 186. The foreclosure deed conveyed certain lots, structures, and equipment, and "the sole and exclusive right (subject only to rights taken by eminent domain) to lay, maintain, operate, repair and remove, pipes, mains, fixtures and other conduits for the distribution of water through the following described real estate . . . [including the ways in question]. In case of taking by eminent domain of any right, interest or property conveyed herein, all damages and compensation therefor shall be paid to the grantee." In *Suburban Land Co. Inc.* v. *Billerica*, 314 Mass. 184, 190, we said, "We are of opinion that the land company never parted with the fee in the streets in controversy and could, and did, convey in 1924 to the Nuttings Lake Water Company, Inc., an exclusive easement in these streets for purposes of a water system, to which easement the plaintiff Flower succeeded by the foreclosure deed of 1935."

The "exclusive easement," however, was expressly made "subject only to rights taken by eminent domain." This phrase qualified the easement granted. See *Brown* v. *South Boston Savings Bank*, 148 Mass. 300, 304; *McRae* v. *Pope*,

311 Mass. 500, 504. The words "subject to," used in their ordinary sense, mean "subordinate to," "subservient to," or "limited by." *Englestein* v. *Mintz,* 345 Ill. 48, 61. *McCarter* v. *Crawford,* 245 N. Y. 43, 46. *Percival* v. *Williams,* 82 Vt. 531, 547. *Kelly* v. *Smythe,* 61 Wyo. 209, 226. The petitioner's easement, therefore, was not "exclusive" of the easements taken by eminent domain by the respondent in these two cases. Nor could it in any proper legal sense be said to have been taken by the mere taking of a concurrent and competing easement.

The petitioner suggests in his brief that the phrase "subject only to rights taken by eminent domain" was used "solely for the purpose of eliminating any warranty by the grantor to the grantee that the property would not be taken by eminent domain"; and that this phrase and the provision that damages for a taking by eminent domain should be paid to the grantee "indicate that the grantee was to look solely to the town" for such damages. The concluding portion of the suggestion is, of course, a truism. The suggested purpose, moreover, would have been entirely superfluous even had there been a warranty deed. Covenants of warranty in a deed refer only to rights outstanding at the time of delivery and not to rights subsequently acquired. The exercise of the sovereign power to take by eminent domain is not a breach of any of the ordinary covenants, which "do not warrant against those fundamental liabilities to action on the part of the sovereign power which lie behind all private titles." *Goodyear Shoe Machinery Co.* v. *Boston Terminal Co.* 176 Mass. 115, 117. See *Ellis* v. *Welch,* 6 Mass. 246, 250; *Parks* v. *Boston,* 15 Pick. 198, 205; *Boston & Hingham Steamboat Co.* v. *Munson,* 117 Mass. 34, 39–40; *Kares* v. *Covell,* 180 Mass. 206, 209; Rawle, Covenants for Title (5th ed.) § 129. Nor can private individuals effectively contract that property will not be taken by eminent domain. *Brimmer* v. *Boston,* 102 Mass. 19, 22. *Edmands* v. *Boston,* 108 Mass. 535, 544. *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1, 15.

There was no error in ruling that the petitioner's ease-

ment was not exclusive of the respondent's right to take an easement by eminent domain, nor in denying the petitioner's requests numbered 1 and 2, which were based on a contrary hypothesis.

The petitioner's exceptions embrace the ruling that he had suffered no damage for which the respondent is responsible, and raise the question whether his easement was taken, irrespective of the extent of its exclusiveness. It is clear that so far as concerns the owner of the fee the laying out of the street gave rise to an easement for "every reasonable means of transportation, transmission and movement beneath the surface of the ground as well as upon or above it," including the use of the street for water pipes. *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397, 399. *Boston* v. *Richardson,* 13 Allen, 146, 159–160. As sometimes has been said, the whole beneficial use of the land was taken. *Lincoln* v. *Commonwealth,* 164 Mass. 1, 10. This principle, however, has limitations, which are particularly important in cases like the present, where the property allegedly taken was not that of the owner of the fee: Thus, it is the common rule that " 'when private property is taken in the exercise of the right of eminent domain, the taking must be limited to the reasonable necessities of the case, so far as the owners of the property taken are concerned.' *Rockport* v. *Webster,* 174 Mass. 385, 390." *Newton* v. *Newton,* 188 Mass. 226, 228. "The right to take private property for a public use is founded upon and limited by public necessity. Where the necessity stops there stops the right to take, both as to amount of land and the nature of the interest therein." *Winnisimmet Co.* v. *Grueby,* 209 Mass. 1, 2. See *Agostini* v. *North Adams Gas Light Co.* 265 Mass. 70, 73; *Leroy* v. *Worcester Street Railway.* 287 Mass. 1, 14. The implied finding was at least warranted, if not required, that the acquisition of the petitioner's easement was not necessary to the accomplishment of the purposes of the respondent's easement. There is no contention that the respondent has used, or attempted to use, the petitioner's pipes. Compare *Beals* v. *Brookline,* 245 Mass. 20, 24. On the contrary, the funda-

mental facts are that prior to the takings the respondent had entered upon the ways unlawfully, had laid pipes of its own, and had served the petitioner's customers. These acts, in fact, constituted the trespasses for which the petitioner recovered from the respondent. The latter hardly needed a duplicating set of pipes. At least there was no evidence that it did. There was no error of law in finding, in effect, that there was no taking of the petitioner's easement.

The fifth request, asserting a right to compensation for the value of the petitioner's "franchise," was rightly denied. The petitioner had no franchise, as he had no "grant from the sovereign authority." *Bank of Augusta* v. *Earle*, 13 Pet. 519, 595. *People* v. *Union Gas & Electric Co.* 254 Ill. 395, 404. *Milhau* v. *Sharp*, 27 N. Y. 611, 619. *State* v. *Twin Village Water Co.* 98 Maine, 214, 230. See *Weld* v. *Gas & Electric Light Commissioners*, 197 Mass. 556, 557; *Metropolitan Home Telephone Co.* v. *Emerson*, 202 Mass. 402, 404–405; *Attorney General* v. *Haverhill Gas Light Co.* 215 Mass. 394. The remaining requests require no consideration. The third was given in substance. The fourth and sixth requests relate to damages only.

*Exceptions overruled.*