Flower *v.* Suburban Land Co. Inc.

═══════════

DAVID FLOWER *vs.* SUBURBAN LAND COMPANY, INC.[1]

Suffolk. April 7, 1954. — December 13, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Pleading, Civil,* Declaration, Demurrer. *Contract,* Implied. *Unjust Enrichment.*

A single demurrer to a declaration in two counts, assigning under the heading "As to Count I" grounds of demurrer numbered 1 to 5, and under the heading "As to Count II" grounds of demurrer numbered 6 to 10, should be interpreted as addressed to each count of the declaration separately and not to the declaration as a whole, and might be sustained as to one count and overruled as to the other. [31–32]

A verbose and vague declaration concluding with an allegation that the defendant was indebted to the plaintiff through failure to convey a certain easement "as agreed upon" was demurrable for want of allegations setting forth any such agreement with sufficient certainty and precision. [32]

A count of a declaration containing an allegation that the defendant owed the plaintiff a specified sum "for money received by the defendant to the plaintiff's use according to account annexed" and an "Account" for that sum as "money paid to defendant by the plaintiff under contract for" certain property stated a good cause of action as a count for money had and received and also as a count upon an account annexed and was not demurrable. [33]

───────────────────

[1] It appears from the docket that the plaintiff discontinued against George A. Goulston, also named as a defendant in the writ.

CONTRACT. Writ in the Superior Court dated July 20, 1953.

The defendant filed a demurrer stating that it "demurs to the plaintiff's . . . declaration, and assigns [the following] as grounds for demurrer." Then followed under the heading "As to Count I" certain grounds of demurrer numbered 1 to 5, and under the heading "As to Count II" certain grounds of demurrer numbered 6 to 10.

The demurrer was sustained by *Sullivan*, J., and the plaintiff appealed.

In this court the case was submitted on briefs.

*John C. Johnston*, for the plaintiff.

*Maurice S. Glaser*, for the defendant.

COUNIHAN, J. This is an action of contract in two counts. In count 1 the plaintiff concludes that "as a result of the defendant's failure to convey an exclusive easement as agreed upon, the defendant is indebted to the plaintiff in the sum of $11,670 being the amount paid by the plaintiff to the defendant under said agreement and conveyance." Count 2 reads: "And the plaintiff says the defendant owes him the sum of $11,670 for money received by the defendant to the plaintiff's use according to account annexed.

"Account

"To money paid to defendant by the plaintiff
under contract for exclusive easement and for
water system . . . . . . $11,670."

This case is here on the plaintiff's appeal from an order generally sustaining a demurrer to his declaration. The appeal is properly before us. G. L. (Ter. Ed.) c. 231, § 96.

It is settled that where a demurrer by its express terms is addressed to the declaration as a whole, it must be overruled if any count in it is good. *Burke* v. *Firestone Tire & Rubber Co.* 319 Mass. 372, 373. We are of opinion, however, that the demurrer in this case is distinguishable in form and substance from that in the *Burke* case. We interpret this demurrer as applying to each count of the declaration separately so that we may sustain it as to one

count and overrule it as to the other. *May* v. *Western Union Telegraph Co.* 112 Mass. 90, 94. It is significant that the plaintiff in his brief does not argue that the rule in *Burke* v. *Firestone Tire & Rubber Co.* is here applicable.

The subject matter of this action has been considered by this court in one form or another on three previous occasions, *Suburban Land Co. Inc.* v. *Billerica,* 314 Mass. 184; *Flower* v. *Billerica,* 320 Mass. 193; and *Flower* v. *Billerica,* 324 Mass. 519. This action, as well as the cases cited, arises out of the rights of Flower to maintain a water system in streets and ways near Nuttings Lake in Billerica.

## COUNT 1.

The declaration in count 1 is unusually long, verbose, confusing, and vague. It would unduly prolong this opinion to recite it in full. The demurrer as to this count is also unduly long and verbose but we consider it upon its first ground that "This count does not state concisely and with substantial certainty, the substantive facts necessary to constitute a cause of action at law against the defendant . . . ."

The conclusion of count 1 alleges that "as a result of the defendant's failure to convey an exclusive easement as *agreed upon* [emphasis supplied], the defendant is indebted to the plaintiff . . . ." But nowhere in the declaration is any such agreement described with any precision, so we are unable to determine just what agreement the plaintiff relies upon. He can hardly expect to rely upon the deed of conveyance incorporated in his declaration, for that same language has already been construed as not granting to the plaintiff an easement "exclusive" of any easement taken by the town by eminent domain. *Flower* v. *Billerica,* 324 Mass. 519. We adhere to that construction.

If the plaintiff is relying upon a breach of any other contract, he should have set forth in count 1 the nature of such contract with certainty and precision. G. L. (Ter. Ed.) c. 231, § 7, Second. *Pollock* v. *New England Telephone &*

*Telegraph Co.* 289 Mass. 255, 258–259. In *Grandchamp* v. *Costello*, 289 Mass. 506, at page 507, it was said, "The rule of pleading, both at common law and under the statute, is that a declaration must state concisely and with substantial certainty the substantive facts constituting the cause of action, with such clearness and precision that the defendant may be able to plead to it intelligently and directly. . . . Plainly, defendants ought not to be required to answer and to try such a mass of vagueness." The demurrer as to count 1 was properly sustained.

## COUNT 2.

This appears to be a common count for money had and received and is in the form permitted by G. L. (Ter. Ed.) c. 231, § 147, form 1 (a). What is termed "Account" is nothing more than a bill of particulars required by c. 231, § 14. If the plaintiff could prove that the defendant was unable or unwilling to carry out the contract referred to in this count, he might be entitled to recover. *Burk* v. *Schreiber*, 183 Mass. 35. *Leonard* v. *Wheeler*, 261 Mass. 130, 133. It has also been said that "the right to recover in an action for money had and received 'does not depend upon privity of contract, but on the obligation to restore that which the law implies should be returned, where one is unjustly enriched at another's expense.' *Rabinowitz* v. *People's National Bank*, 235 Mass. 102, 103." *Flavin* v. *Morrissey*, 327 Mass. 217, 220.

Count 2 is also good as a count upon an account annexed under c. 231, § 7, Ninth, although it is not exactly in the form set forth in c. 231, § 147, form 2. "A 'plaintiff who declares on a count on an account annexed has by legal intendment made with respect to the item stated in the account annexed all the allegations contained in all the common counts . . . .' *Massachusetts Mutual Life Ins. Co.* v. *Green*, 185 Mass. 306, 310." *Hathaway* v. *Cronin*, 301 Mass. 419, 421.

We believe that count 2 alleges a good cause of action and that the demurrer as to it should have been overruled.

It follows therefore that that part of the order sustaining the demurrer as to count 1 is affirmed and that part of the order sustaining the demurrer as to count 2 is reversed.

*So ordered.*