*Western District*

**ROY BOULAY ET UX**

v.

**ROGER L. WOOD**

Argued: Nov. 9, 1965—Decided: Dec. 17, 1965

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *Constantino, J.* in the Second District Court of Eastern Worcester. No. 3427-B.

*Moore, J.* This action was originally brought jointly by the plaintiffs as one of tort or contract but the plaintiffs elected to proceed in contract to recover damages sustained as a result of an alleged failure of the defendant to install a heating system in the plaintiffs' home in a faithful and workmanlike manner as called for by the written contract.

[■] After the trial on the merits, but before the trial judge made any findings, the plaintiff wife died and the surviving husband proceeded to prosecute the case after filing a suggestion of death. This procedure would seem to be justified by the provisions of G.L. c. 228, §7.

The answer of the defendant was a general denial and plea of payment.

The trial judge found the following facts:

"That the defendant entered into a contract on August 14, 1956, with the plaintiffs to furnish and install plumbing and heating

in a new home they were building at Kitt-redge Place in Clinton, Massachusetts. Mr.

Boulay (the male plaintiff) helped the carpenters in his hire in the building of this house, which they instulated (sic) between the studs, behind the shingles and in the ceilings.

"The contract stipulated that the heating be a two-pipe job, forced hot water heating system with copper tubing and a four section Utica Boiler burner unit and provide cast iron baseboard radiation and other ordinary appurtenances. In the contract the defendant agreed to do the required work "in a faithful and workmanlike manner." The total price for the complete plumbing and heating installation was $2,175.00 which the plaintiffs paid. The work was started in August and finished in December of 1956 and and the plaintiffs moved into the house on January 2, 1957. Some six weeks or so after that the plaintiffs noticed the staining or marking of the walls with rusty streaks of a fanlike design over vent holes in the baseboard radiators. There were brownish film deposits on the walls which were heavier closer to the baseboard radiators and gradually diminished as they went higher up the walls. These deposits accumulated on ceilings, curtains, towels, china, and other places and were more prominent in the kitchen and bathroom. They appeared while the heat was in operation and did not appear in two bedrooms where the heat was

not turned on. These deposits were rust particles originating in the heating system.

"In the Spring of 1957, Mrs. Boulay mentioned this condition to the defendant on two occasions, whereupon he came to investigate and was surprised at the rusty condition he found. In an attempt possibly to correct the condition, the defendant, at his own expense, replaced the first burner with a new one and when this failed to improve the situation, he removed the metal jacket off the boiler and covered the boiler with asbestos covering, still to no avail. The defendant then had a Utica factory man look over the system and didn't learn from him what could be done to stop the condition. The front of the radiators had originally been painted but not the rear of them nearer to the wall. In a further attempt to discover and to correct the possible cause of the condition the defendant, in the summer of 1962, at his own expense, took down the baseboard in all rooms, cleaned it with wire brushes, removed some rust and painted all sides with two coats and reinstalled it. Thereafter, when the heat was turned on in the fall the condition reappeared. Aside from the rusting condition above mentioned, the heating plant was fully adequate, provided good heat and was satisfactory to the plaintiffs."

At the conclusion of the finding of these subsidiary facts, the trial judge made a final or ultimate finding as follows:

"On all the evidence and reasonable inferences to be drawn therefrom, I find that the plaintiffs have not sustained the burden of proving that the defendant was guilty of a breach of the contract or that he failed to do the stipulated work in a faithful and workmanlike manner.

"I find that the plaintiffs have failed to sustain the burden of proving that the defendant did not do the required work according to specifications and have failed to prove that the defendant's work was done in a careless, negligent and unworkmanlike manner in breach of the contract. I therefore, find for the defendant."

The plaintiff duly requested the following six rulings:

"1. The evidence requires a finding for the plaintiffs.

2. The contract entered in evidence dated August 14, 1956, is a valid and enforceable contract.

3. Upon all the evidence the defendant received reasonable and legally effective notice of breach of contract from the plaintiffs.

4. The condition existing in the plaintiffs' home, consisting of foreign deposits on walls, ceilings, floors and domestic articles is caused by emission of rust from the heating system installed by the defendant.

5. The said condition having existed for at least five (5) years, a breach of the contract entered between the parties on August 14, 1956, exists.

6. Whenever exceptional circumstances appear which demonstrate that the usual rules of damages would not afford compensation, the inquiry should be made as to the real damage sustained by the breach of duty or other injury. *Hall v. Paine*, 224 Mass. 62; *Boylston Housing Authority v. O'Toole*, 321 Mass. 538."

The trial judge denied all of the above requests except number two.

The plaintiff claims to be aggrieved by the denial of his requests for rulings "Numbered 1, 3, 4, 5, and 6, [and] by a general finding alleged to be inconsistent with the subsidiary findings of fact."

The question of whether there is an inconsistency between findings of special facts and general findings is properly raised by a motion for a new trial or by a motion for correction of the general findings. *Cantor v. Winslow Bros. and Smith Co.*, 309 Mass. 150, 154. *Duralith Corporation v. Leonard* 274 Mass. 397, 401.

In this instant case there was a motion for correction of the general finding filed and it was denied by the trial court which puts the report properly before us on the question as to whether there was any prejudicial error in the denial of the requests for rulings of law.

As to the denial of plaintiff's requests numbered 3, 4, 5, and 6 they were properly denied as they were either requests for findings of fact which are not reviewable by this

court, *Rendle Co.* v *Conley and Daggett, Inc.* 313 Mass. 712, or were inapplicable because of the facts found by the trial judge.

The question at issue in this case resolves itself to whether there was prejudicial error in the denial of request numbered one which was "the evidence *requires* (emphasis supplied) a finding for the plaintiffs."

Whether a general or ultimate finding based on subsidiary facts is either warranted or required by these facts raises a question of law which may be reported. *Soutier* v. *Kaplow,* 330 Mass. 448, or permissable. *Lashefsky* v. *American Employer's Ins. Co.,* 293 Mass. 164.

As stated in the case of *DeMatteo Co.* v. *Commonwealth,* 338 Mass. 568, at page 572:

"It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence or any reasonable interpretation of the evidence".

Also see: *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 143. *Casey* v. *Gallagher,* 326 Mass. 746, 748. *London Clothes, Ltd.* v. *Maryland Casualty Co.,* 318 Mass. 692.

The testimony in the report indicates that the condition which existed in the plaintiff's home after the installation of the heating system was unusual; that there was "more to it than the emphasis on a coating of metal"; and that there was "an inordinate amount of moisture in the house". There was no testimony that the condition resulted from any

failure of the defendant to install a heating system in a faithful and workmanlike manner. In fact, there was testimony that the heating system was "fully adequate".

█ The burden of proof was upon the plaintiffs. Ordinarily a ruling that the plaintiffs are entitled to recover cannot be given especially where there was oral evidence and a view taken by the court as there was in this case, to assist him to evaluate the evidence. *Evans* v. *County of Middlesex,* 209 Mass. 474, 480.

There was no error in the denial of the plaintiffs' first request. Also, there was no prejudicial error in the denial of the other of the plaintiffs' requests.

The order should be *"Report Dismissed."*

Edward P. Healey, of Worcester, for the plaintiff.

Bowman & Larkin, of Ayer, for the defendant.