*Southern District*

No. 27951.

**EDWIN R. DUNN and OLIVE DUNN**

**v.**

**HAROLD F. BAUMEISTER**

Argued: April 1, 1970   Decided: Sept. 21, 1970

*Present*: Nash, P.J., Murphy, Covett, JJ.

Case tried to *Horrocks, J.* in the First District Court of Barnstable No. 27951.

**Covett, J.** This is an action of contract to recover the sum of $3,897.50 on a written agreement dated on or about October 10, 1967. Under the terms of this agreement the plaintiffs agreed to manage, operate and maintain a motel, owned by the defendant, for a period of one year from April 1, 1968, to March 31, 1969 and for their services they were to be paid $100.00 per week and a commission of 25% of the net profits from the operation of the motel.

The answer is a general denial and an allegation that the plaintiffs failed to comply with the terms and conditions of the agreement in that they failed to manage, operate and maintain the

motel for a period of one year from April 1, 1968, to March 31, 1969. There was an allegation that the defendant owed the plaintiffs nothing.

The court found for the plaintiffs in the sum of $1,948.75 with costs.

*At the trial there was evidence by agreement that* the net profit for the operation of the motel for the calendar year 1968 was $15,590.00, and that the defendant paid to the plaintiffs the sum of $1,948.75, $500.00 of which was paid in November, 1968, and the balance on February 20, 1969, and that the plaintiff Edwin R. Dunn died during the month of March, 1969. A copy of the agreement between the parties was introduced into evidence.

For the first three months the plantiffs performed their duties under the agreement. Then the plaintiff Edwin R. Dunn, was not feeling well and his condition appeared to worsen. After an attack during his vacation, in the middle of October, he again sought medical attention, and was operated on in the first week of November in a Boston hospital. The diagnosis was a malignant tumor, cancer, of the lung. He was informed by his physician that he would not be able to work for a year or more and this information was given to the defendant by the plaintiff, Olive Dunn.

Edwin R. Dunn ceased to be employed and was paid until two weeks before the closing of

the motel in November of 1968, and Mrs. Dunn was paid until the time of the closing.

The motel had not been open for winter occupancy since the winter of 1964-1965. However, it was heated and the utilities kept on. There was little or no additional expense in keeping it open for winter occupancy and the receipts for all practical purposes were additional profit. The last winter the motel was open the receipts were $3,000.00 to $3,200.00 and due to the increased activities on the Cape it was estimated that the receipts would be between $4,000.00 and $4,500.00.

The defendant closed the motel in November of 1968 and sold the premises according to the report on February 5, 1969, although papers were passed on April 21, 1969.

At the close of the evidence and before final arguments, the defendant made the requests for rulings, which with the court's action thereon, was as follows:

1. Upon all the evidence the plaintiff, Edwin R. Dunn, cannot recover in this action. *Denied.*

2. Upon all the evidence the plaintiff, Olive Dunn, cannot recover in this action. *Denied.*

3. The undertaking of the plaintiff under their agreement with the defendant was joint. *Allowed.*

4. The agreement between the plaintiffs and the defendant for the management of

the motel was of such nature as to admit of only a personal performance by the plaintiffs. *Allowed.*

5. The parties to the agreement must have assumed the continued ability of both plaintiffs to perform. *Allowed.*

6. The agreement between the defendand and Edwin R. Dunn and Olive Dunn, the plaintiffs, was terminated and dissolved by the disability of Edwin R. Dunn. *Denied. I find that the Plaintiff Edwin R. Dunn was not so disabled as to prevent a profit, and he and his wife were entitled to 25% of it and the Defendant had no right to arbitrarily give him 1/2 this amount.*

The Court found the following facts:

This is an action of contract by writ dated March 6, 1969, for $3,000.00. On October 10, 1967, the plaintiffs entered into a contract with the defendant whereby the plaintiffs leased from the defendant, his motel, and was to be paid $100.00 a week and 25% of the profits.

The plaintiffs ran the motel from April, 1968, to November, 1968 and, although the plaintiff Edwin R. Dunn was ill at times, the motel did make a profit of $15,590.00. The plaintiffs received their $100.00 a week, but have only received $1,948.75 or 1/2 of 25% of the net profit, which was $3,897.50. The defendant withheld the other 1/2 because he felt that the plaintiff

Edwin R. Dunn being ill did not fully perform. I do not so find.

I find that the plaintiffs produced a profit of $15,590.00 and are entitled to their full 25%.

The defendant claims to be aggrieved by the rulings given to the defendant's requests for rulings Nos. 1, 2, and 6.

The trial justice found that this action of contract was instituted by writ dated March 6, 1969. The report states that the plaintiff, Edwin R. Dunn, died in March of 1969. The docket entries do not indicate that a suggestion of death was filed. If the action were commenced prior to the death of the plaintiff, Edwin R. Dunn, then the surviving joint plaintiff, Olive Dunn, did have the right to prosecute the case after filing a suggestion of death. This procedure would seem to be justified by the provisions of G.L. c. 228, § 7. *Boulay* v. *Wood,* 33 Mass. App. Dec. 106.

The denial of the defendant's requests for rulings 1 and 2 were proper as lacking the specifications required by Rule 27 of the Rules of the District Courts. (1965) *Okin* v. *Sullivan,* 307 Mass. 227, 228; *Dellamano* v. *Francis,* 308, Mass. 502; *Perma-Home Corp.* v. *Nigro,* 346 Mass. 349, 353.

By the court's ruling on the defendant's request for rulings 3, 4, and 5, it is established that the undertaking of the plaintiffs was joint, and was of such a nature as to admit of only

personal performance by the plaintiffs and further that the parties to the agreement must have assumed the continued ability of both plaintiffs to perform.

In the absence of contrary provisions, contracts are generally held to survive the death of one of the parties. *Barrett* v. *Towne,* 196 Mass. 487, 491. But the contracts which involve acts and services which can only be performed personally by the promisor or some particular person are exceptions to the general rule. Such contracts terminate when death or disability renders the personal performance impossible. *Harrison* v. *Conlan,* 10 Allen 85, 86. *Marvel* v. *Phillips,* 162 Mass. 399. *Stearns* v. *Blevins,* 262 Mass. 577, 580-581. *Cutler* v. *United Shoe Machinery Corp.,* 274 Mass. 341. *Kowal* v. *Sportswear By Revere, Inc.,* 351 Mass. 541. The one party is excused from his contractual duties on the grounds of impossibility of performance, and the other party is excused because of failure of consideration. Restatement: Contracts, §§274, 399 and 459; Corbin, Contracts, §1335; Williston, Contracts (Rev. ed.) §§838 and 1940. Cases illustrating this principle relate generally to contracts of employment; and the death or long-continued illness of the employee in effect discharges his promise. Williston, Contracts (Rev. ed.) §1940; Corbin, Contracts, §§1334 and 1335. *Harrington* v. *Fall River Iron Works Co.,* 119 Mass. 92; *Fuller* v. *Brown,* 11 Met. 440. The services to be rendered by the plaintiffs in this

case were of a personal nature, and therefore were an exception to the general rule and fall within the general classification in which there is an implied condition that the person to render the service shall continue to live. *Hawkes* v. *Kehoe*, 193 Mass. 419, 423.

However, the denial of the defendant's sixth request on the grounds stated was error. Here, it is the service that is to be valued and not the product or results of that service. The recovery is often expressed in terms "quantum meruit"; and generally this is measured by the market value of such service, not exceeding the contract rate if one was agreed upon by the parties. Corbin, Contracts, §1371.

After the breach has become material or the prospective incapacity is such as to justify the termination of the contract, the employer has an election to continue the contract or to terminate it. Williston, Contracts (Rev. ed.) §1942.

In this case, the employer terminated the contract by closing the motel in November of 1968. The employees are seeking to recover 25% of the profits of $15,590.00 under the terms of the contract.

If an employee fails without wrongful default on the part of the employer to fulfill his entire contract in a material degree, he cannot recover on the contract unless the contract is divisible and he has completely performed one or more divisions of the service, and then only for such divisions. Williston, Contracts (Rev.

ed.) §1973; *Hathaway* v. *Cronin,* 301 Mass. 419, 420.

It would be admitted, however, certainly everywhere in the United States that the employee or his representatives may recover the fair value of any services rendered by him for which, because illness or death stopped performance, he could not recover on the contract, unless the contract clearly makes the whole performance a prerequisite to the existence of an obligation to pay for any part of the work. Williston, Contracts, (Rev. ed.) §1973; Corbin, Contracts, § 1371, *Hathaway* v. *Cronin,* 301 Mass. 419, 420. *Fidelity Trust Co.* v. *Whitehall Cement Mfg. Co.* 144 A. 915.

Since the employees were discharged of their duties to render personal services by the death or illness of the plaintiff Edwin R. Dunn, they are entitled to payment for the reasonable value of the service that has actually been received. *Hathaway* v. *Cronin,* 301 Mass. 419.

In order to reach a just and equitable result to both parties, we are vacating the finding for the plaintiffs. A suggestion of death should be filed by the plaintiff Olive Dunn. The plaintiff should be allowed to amend the declaration to recover in *quantum meruit,* and a new trial should be ordered solely on the question of determining the fair value of the services rendered by the plaintiffs under the agreement for the period from April 1, 1968 to the termination of the contract by the defendant in November

of 1968 in accordance with the law heretofore stated. Case remanded to trial court for that purpose.

Marshall M. Dranetz
  of Hyannis for the plaintiff

Walter J. Cusick
  of Boston for the defendant