GREAT AMERICAN GROUP INSURANCE COMPANIES *vs.* THEODORE R. MULLIS. October 1, 1971. This is an appeal from an order sustaining a demurrer to a declaration in an action of contract and tort. G. L. c. 231, § 96. The declaration is in three counts. The first count alleges that the plaintiff insured the defendant against loss or damage to his automobile by theft; that the automobile was stolen from the defendant and never returned; that the defendant filed a notice and sworn statement of loss with the plaintiff as required

by the insurance policy; that the defendant warranted that he was the sole owner of the automobile both at the time of the making of the policy and in the sworn statement of loss; that the plaintiff paid the defendant for the loss in accordance with the terms of the policy; that the defendant broke the terms of the policy and the conditions set out in the sworn statement of loss; and that the defendant owes the plaintiff the amount of the payment. Although the count is inartfully drawn, we think it fairly states that the breaches referred to relate to the warranties that the defendant was the sole owner of the automobile. So read, the first count properly states a claim in accordance with G. L. c. 231, § 7, Second, Eleventh and Twelfth. The legal effect of the insurance policy having been stated, there was no need to allege that it was in writing, or to attach a copy to the declaration. *Higgins* v. *McDonnell,* 16 Gray, 386, 387. *Damiano* v. *National Grange Mut. Liab. Co.* 316 Mass. 626, 630. Count 2 must be read separately from counts 1 and 3. *Kenney* v. *Boston & Maine R.R.* 301 Mass. 271, 274. It does not allege with "substantial certainty" that a contractual relationship existed between the plaintiff and the defendant, nor can such relationship be implied from the facts set forth. *Pollock* v. *New England Tel. & Tel. Co.* 289 Mass. 255, 258–259. Nor can this count be upheld on the ground that it is a common count for money had and received because no bill of particulars has been filed as required by G. L. c. 231, § 14. *Liljestrand* v. *Worcester County Natl. Bank,* 345 Mass. 767. We therefore affirm on this count. *Flower* v. *Suburban Land Co. Inc.* 332 Mass. 30. Count 3 alleges a fraudulent misrepresentation, knowingly made by the defendant, and relied on by the plaintiff to his detriment. As such, it states a good cause of action in deceit. G. L. c. 231, § 147, Form 12. Therefore that part of the order sustaining the demurrer as to count 2 is affirmed, and that part of the order sustaining the demurrer as to counts 1 and 3 is reversed.

*So ordered.*

*Thomas P. Noone* for the plaintiff.
*Sidney Smookler* for the defendant.