TOWN OF AUBURN *vs.* E. J. CROSS COMPANY. April 25, 1973. This action of contract is here on the plaintiff's appeal from an order of the Superior Court sustaining a demurrer which is addressed to the amended declaration as a whole and not specifically to any one or more of the four separate counts set out therein. Such a demurrer must be overruled if any one of the counts is good. *Burke* v. *Firestone Tire & Rubber Co.* 319 Mass. 372, 373-374. *Caldwell* v. *Zaher,* 344 Mass. 590, 592. Count 1 alleges, in essence, that the defendant was the lowest responsible and eligible general bidder for a contract for the construction of an addition to the plaintiff's high school building (G. L. c. 149, § 44A, as most

recently amended by St. 1967, c. 899); that the plaintiff voted to and did award the contract to the defendant on the last day of the thirty-day period specified in § 44A; that the defendant failed to execute the contract in accordance with the terms of its general bid (G. L. c. 149, § 44F, as most recently amended by St. 1961, c. 604, § 5) within the five-day period following such award; and that the plaintiff was then obliged to (§ 44A) and did award the contract to the second lowest general bidder at an increased cost to the plaintiff. See *Lincoln-Sudbury Regional Sch. Dist.* v. *Brandt-Jordan Corp. of New Bedford,* 356 Mass. 114, 118-119. The defendant's only argument against the sufficiency of this count is that the plaintiff's own allegations disclose that the defendant was prevented from executing the contract by a temporary restraining order issued by the Superior Court at the request of the second lowest general bidder some twenty-two days prior to the date of the award to the defendant. It is not alleged that the court took any action to continue the restraining order in force beyond the ten-day period set out in G. L. c. 214, § 9 (as most recently amended by St. 1947, c. 571, § 1); it is alleged that two days prior to the award the court, after trial on the merits, "found" the contract could be properly awarded to the defendant. In these circumstances the restraining order must be considered either as having terminated of its own force twelve days prior to the award (*Stathopoulos* v. *Reeksting,* 252 Mass. 542, 544; *Nickerson* v. *Dowd,* 342 Mass. 462, 467-468) or as having been terminated by the decision (even if not a final decree) which was entered by the court two days prior to the award (*Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 188). In either event the allegations do not disclose an excuse for the defendant's failure to execute the contract. In the absence of any allegation which would disclose that the defendant has not substituted a bond for its bid deposit (G. L. c. 149, § 44B [1] and [4]) count 1 must be adjudged good against demurrer. The order sustaining the demurrer is reversed, and an order is to be entered overruling the demurrer.

*So ordered.*

*Edward P. Healy,* Town Counsel, for the town of Auburn.
*Michael P. Angelini* for the defendant.