COMMONWEALTH *vs.* QUINCY MEMORIAL COMPANY, INC. & others. April 26, 1982. The action is one for declaratory and injunctive relief brought by the Attorney General in 1976 to vindicate and enforce the limited access rights acquired by the Commonwealth across the front of a parcel of land in Quincy (locus) pursuant to a layout and order of taking adopted and recorded by the Department of Public Works in 1954 while acting under the authority of St. 1952, c. 556, § 6, and G. L. c. 81, § 7C, as amended through St. 1950, c. 829. See *Nichols* v. *Commonwealth*, 331 Mass. 581, 584-585 (1954); *Wenton* v. *Commonwealth*, 335 Mass. 78, 79-81 (1956); *Cann* v. *Commonwealth*, 353 Mass. 71, 73-75 (1967). A District Court judge sitting in the Superior Court under statutory authority held that the activities of the defendants do not "constitute a violation or overburdening of any easement[ ] of access taken by the Commonwealth," but it is clear that that holding was premised on the judge's earlier determination that "[t]he purported restriction of access to the [locus] . . . exceeded the authority of the Department . . . under G. L. c. 81, § 7C, and is therefore null, void and unenforceable." The judge erred in indulging in any such determination because none of the defendants had any standing to question the validity of the taking. There had been proper compliance with all the procedural requirements imposed on

the Department by G. L. c. 79, as then in effect; no proceeding to question the validity of the taking had been brought by the then owners of the locus within the one-year period of limitations found in G. L. c. 79, § 16, as amended through St. 1950, c. 230; and none of the defendants had any interest in the locus until two of them acquired it by purchase in 1972 under a deed which recited that the locus was "[s]ubject to restrictions of record as set forth in" the 1954 taking. See *L'Huilier* v. *Fitchburg*, 246 Mass. 349, 352-353 (1923); *Markiewicus* v. *Methuen*, 300 Mass. 560, 564 (1938); *Boyce* v. *Greater Lowell Regional Vocational Technical Sch. Dist.*, 7 Mass. App. Ct. 639, 644-645 (1979); *Whitehouse* v. *Sherborn*, 11 Mass. App. Ct. 668, 669-671, 674-675 (1981). The judgment is reversed, and the case is to stand for a hearing on the merits which is to be conducted on the premise that the 1954 taking was in all respects valid.

*So ordered.*

*Richard E. Rafferty*, Assistant Attorney General, for the Commonwealth.

*Douglas A. Randall* (*Christopher S. Pitt* with him) for the defendants.