IRA SILVERLIEB, trustee, & another[1] vs. JOHN F. HEBSHIE, trustee, & another.[2] No. 91-P-295. July 30, 1992. *Easement. Sewer. Estoppel. Trespass.*

Beneath this dispute lies a sewer line installed by the Hebshies, the defendants, across land once owned by the city of Brockton and now owned by the plaintiffs. We shall refer to the plaintiffs collectively as "Silverleib" for convenience of reference. Silverleib brought an action under G. L. c. 231A, for a declaration that he held his land free of any easement or license in favor of the Hebshies. By way of additional relief, Silverleib asked the court to order the Hebshies to remove the sewer line or to refrain from using it and for damages. In a Delphic order, the Superior Court judge allowed Silverleib's motion for summary judgment and entered a judgment that said, "summary judgment is allowed." Inferentially, that reflects the judge's view that the Hebshies could not maintain the sewer line across Silverleib's land as matter of right, a view with which we concur. The judge made no order whether the Hebshies should remove or relocate the sewer line or simply stop using it, nor did he say anything about damages. A remand is necessary.

These, as taken from the summary judgment materials, are the undisputed facts. The Hebshies are the owners of two adjoining parcels of land in West Bridgewater, bounded on one side by the Brockton city line. Since 1967, the Hebshie property has been used as a mobile home park. In 1969, the sewerage commission of Brockton gave permission to the Herbshies' predecessor in title to tie into the Brockton sewerage system. The only document produced pertaining to this arrangement is a letter from the superintendent of the sewer department, dated June 26, 1969, informing the selectmen of West Bridgewater "that the Brockton Sewerage Commissioners have granted the Court Realty, Inc. permission to tie into the Brockton Sewerage System to serve the Beacon Trailer Park." Between the nearest Brockton sewer and the Hebshie property in West Bridgewater lay a 3.91 acre parcel which belonged to the city of Brockton (the Brockton parcel). Sometime after the letter on behalf of the sewerage commission, the Hebshies installed a subsurface sewer line from their premises across the Brockton parcel.

Silverleib acquired the Brockton parcel on December 23, 1980. The chain of title to Silverleib is devoid of any document purporting to allow a sewer line in that land. The Hebshies claim an easement on a variety of theories.

1. *Easement by grant.* An easement by grant requires a writing signed by the party to be bound. *Stevens* v. *Stevens*, 11 Met. 251, 255-256 (1846). *Estabrook* v. *Wilcox*, 226 Mass. 156, 158 (1917). *Baseball Pub-*

---

[1]David Kobey, trustee. Both Silverleib and Kobey are trustees of Drill Realty Trust.

[2]Samuel Hebshie. Both John and Samuel Hebshie are trustees of Hebshie Brothers Trust.

*lishing Co.* v. *Bruton*, 302 Mass. 54, 58 (1938). Mendler, Massachusetts Conveyancers' Handbook §§ 3.2, 3.4 (3d ed. 1984). The writing upon which the Hebshies rely, the letter from the superintendent of the sewer department, says no more than that the owners of the Hebshie parcel have "permission to tie into" the Brockton sewer. That document grants no right to traverse the Brockton property and, from what we are able to see from a plot plan furnished with the brief filed on behalf of the Hebshies, it is not self-evident that traversing the Brockton property was the only way to get to the sewer; it was merely the shortest and most convenient way. To this we may add that the person who signed the letter, the superintendent of the sewer department, has not been shown to have the remotest authority to convey an interest in land on behalf of the city (see G. L. c. 39, § 1 and c. 40, § 3), and even by the generous standards of cases such as *Hurley* v. *Brown*, 98 Mass. 545, 547-548 (1868), *Mead* v. *Parker*, 115 Mass. 413, 415 (1874), and *Giles* v. *Swift*, 170 Mass. 461, 463 (1898), the document provides no hints by which an easement might be located.

2. *Prescriptive easement.* Silverleib acquired the Brockton parcel from the city in 1980. That fact has decisive consequences for the Hebshies. As the Hebshies maintain that the city consented to their planting a pipe across the city's property, the use was not adverse until the city sold it to Silverleib in 1980. See *Ryan* v. *Stavros*, 348 Mass. 251, 263 (1964); *Uliasz* v. *Gillette*, 357 Mass. 96, 101 (1970). Consequently, the period for acquiring a right by prescription in what was the Brockton parcel and is now the Silverleib property cannot have begun to run until 1980 and is, thus, well short of the necessary twenty years. See G. L. c. 187, § 2.

3. *Easement by estoppel.* To the extent that there are limited occasions in which a party may be estopped from denying an easement over its property (see *Uliasz* v. *Gillette*, 357 Mass. at 102), Silverleib did nothing upon which the Hebshies relied and cannot be so estopped. If one were to pursue the doubtful proposition that Silverleib was somehow estopped if the city were estopped, it is enough to answer that governmental agencies are not ordinarily estopped by the acts of their officers, particularly with regard to an act made contrary to a statute "designed to prevent favoritism . . . or insure some other legislative purpose." *McAndrew* v. *School Comm. of Cambridge*, 20 Mass. App. Ct. 356, 361 (1985). Conveyance of municipal property is governed by specific statutory procedures to ensure disposal of municipal property in the best interest of the municipality. Application of estoppel doctrine would run counter to that policy. See *id.* at 360-361.

4. *Easement by implication.* No easement by implication arose, first, because as previously observed, it has not been made to appear that the Hebshies lacked an alternative route over their own land to the Brockton sewer; and, second, because easements by implication generally are created when land under single ownership is severed and the easement is reasona-

bly necessary for the enjoyment of one of the parcels. See *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.*, 284 Mass. 100, 106 (1933).

5. *Statute of limitations.* There is nothing to the argument that Silverleib's action is barred by the three-year tort statute of limitation. There is in this case a continuing trespass for which Silverleib is entitled to bring an action. See *Ahern* v. *Warner*, 16 Mass. App. Ct. 223, 226-229 (1983); *Asiala* v. *Fitchburg*, 24 Mass. App. Ct. 13, 19 (1987).

6. *Conclusion.* No damages were assessed. We infer the judge decided no damages had been established. In the absence of a cross appeal on that score, the question of damages is out of the case. See *Lyons* v. *Bauman*, 31 Mass. App. Ct. 214, 218 (1991). Under G. L. c. 231A, a judge is required to make a declaration of the rights of the parties — in this case to the effect that the Hebshies have no easement across what is now the Silverleib parcel and no other right to maintain the sewer line therein. An order for removal of the sewer line is in the nature of an equitable order. The judge may wish to consider whether the appropriate remedy is relocation of the sewer line at the Hebshies' expense along the boundary between plot 486 and plot 488 on the plan furnished by the parties so that the trailer park may have sewer facilities but the Silverleib parcel is not dissected, as now is the case. The case is remanded to the Superior Court where the judgment is to be augmented following further action consistent with this opinion.

*So ordered.*

*Philip C. Nessralla, Jr.*, for the defendants.
*Paul Marshall Harris* (*Gregory P. Fuccillo* with him) for the plaintiffs.