MacLeod, J.
The plaintiffs filed a nineteen-count complaint against the defendants on March 15, 2002, alleging several theories of breach of contract, breach of fiduciary duty, and unfair trade practices. The defendants responded with a ten-count counterclaim. This matter is before the court on the plaintiffs’ motion for partial summary judgment pursuant to Mass.R.Civ.P. 56, on Counts II and IX of their complaint. For the reasons discussed below, the plaintiffs’ motion for partial summary judgment is DENIED and, on motion of the court, pursuant to Mass.R.Civ.P. 56(c), summary judgment for the defendants is GRANTED on Counts II and IX.
BACKGROUND
Counts II and IX of the plaintiffs’ complaint seek a declaratory judgment that procedures used to call and conduct a special shareholders’ meeting on September 13, 2001 were ultra vires, and that the actions taken at that meeting are null and void.[3] The undisputed material facts as revealed by the summary judgment record, and the disputed facts taken in the light most favorable to the non-moving party, are as follows.
Giovanna Pasquale (“Pasquale”) and Daniele La Posta (“La Posta”), who are married, own Pottery Collaborative, Inc. (“PC”), a business which imports various lawn and garden products. In 1994 Pasquale and La Posta formed Telcom USA, a closely held Massachusetts corporation. At that time, Pasquale was the sole shareholder of Telcom USA. The corporation was inactive until 1996.
Telcom Spa is an Italian company that manufactures plastics, including rotationally molded plastic garden pots. Telcom Spa is operated by Alfonso Casale (“Casale”).
In 1996 Pasquale conveyed 50.5% of the stock of Telcom USA to Telcom Spa, retaining the remaining 49.5%. This venture was undertaken for the purpose of manufacturing and distributing plastic lawn and garden products. La Posta was appointed President and General Manager of Telcom USA, and the parties executed an employment agreement. However, by early 2001 the principals of Telcom USA had begun to disagree about the company’s operations.
In August 2001 the Board of Directors of Telcom USA (“the board”) was comprised of Pasquale, La Posta, Casale, and his son, Raffaele Casale (“R. Casale”). Neither father nor son was ever an officer of Telcom USA. On August 30, 2001 Casale and R. Casale called a special stockholders’s meeting (“special meeting”) and special meeting of the board of directors. Pasquale, the minority shareholder of Telcom USA, received written notice of the special meeting. That notice detailed the date, time and place of the meeting, and stated the purpose of the meeting, which was the election of a fifth member of the board. Pasquale never explicitly approved the location of the special meeting, but neither did she object to it.[4] La Posta does not hold stock in Telcom USA, and thus did not receive notice of the special meeting.
These meetings were held on September 13, 2001, as a “SPECIAL JOINT MEETING OF THE SHAREHOLDERS AND BOARD OF DIRECTORS, TELCOM USA INC.” (“joint meeting”). Although Pasquale received a timely notice, neither Pasquale nor La Posta *550 attended. Casale was not able to be at the meeting in person, due to suspension of air travel following the events of September 11, 2001. He participated in the meeting by a conference call, and his shares were voted by proxy. During the shareholder part of the joint meeting, Telcom Spa’s shares were voted to approve adding a fifth director to the board, and to elect Antonio Console (“Console”) to that seat.
The Board took several actions that limited the plaintiffs’ power and control over the affairs of Telcom USA. These actions included the election of Casale to be chairman of the board, and the creation of an Executive Committee. The board voted to grant “all their delegable powers” to the committee. The board members appointed to that committee were Casale, R. Casale and Console. Casale was elected to serve as chairman of the committee. Additionally, a Controller was appointed, to “monitor, oversee, and exercise supervisory authority over all financial and other management matter” of Telcom USA, and to report to the Executive Committee.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 360 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Tech. Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The Superior Court may “take binding declarations of right, duty, status and other legal relations,” where there is an actual controversy, specifically pled. G.L.c. 231 A, §1 (2002 ed.). Actions seeking declaratory judgment pursuant to G.L.c. 231A may be resolved by summary judgment, see Dundas Corp. v. Chemical Bank, 400 Mass. 588 (1987), though the court must make a declaration of rights of the parties. See Coraccio v. Lowell Five Cents Sav. Bank, 415 Mass. 145, 148 (1993) (dismissal of declaratory judgment claim improper without declaration of the rights of the parties); City of Boston v. Massachusetts Bay Transp. Auth., 373 Mass. 819, 829 (1977); Silverlieb v. Hebshie, 33 Mass.App.Ct. 911, 913 (allowance of summary judgment without declaration rights improper).

I. The Conduct, Location and Notice of the September 13, 2001 Special Meeting Were in Accordance with Massachusetts Law

The plaintiffs allege three procedural defects in the September 13, 2001 meeting.[5] They assert that these procedural defects render the actions taken at the meeting null and void. Specifically, they contend that the meeting was conducted by Casale by telephone, in violation of Telcom USA by-laws, that it was held in an unauthorized location, and that it was improperly noticed. Each of these contentions fails.
Plaintiffs focus exclusively on the provisions in the corporate by-laws, and fail to address the provisions of G.L.c. 156B, which govern the formation and governance of corporations in Massachusetts. Chapter 156B is the standard for corporate governance, and the corporate by-laws may not include provisions which are inconsistent with the law. G.L.c. 156, §16 (2002 ed.). To the extent that corporate by-laws are consistent with Chapter 156B the by-laws are controlling. However, where there is a conflict, the statutory provisions govern. See ER Holdings, Inc. v. Norton Co., 735 F.Sup. 1094, 1097 (D.Mass. 1990). In the instant case, read together, and applied to the undisputed facts, Chapter 156B and the by-laws of Telcom USA authorize each of the challenged actions.
A. Conduct of Special Meeting
Plaintiffs first allege that Casale improperly conducted the shareholders meeting by telephone, via conference call, in violation of the Telcom USA by-laws (“the by-laws”). This assertion is misleading. The bylaws do not prohibit participation in the meeting by telephone. Casale did not vote the Telcom Spa shares by phone. He executed a proxy for voting those shares, which is part of the summary judgment record. The minutes of the special meeting reflect that the shares were in fact voted by proxy. Voting by proxy is a legal and legitimate procedure under G.L.c. 156B, §41.
B. Location of the Special Meeting
Second, plaintiffs allege that the special meeting was held in a unauthorized location. Section 35 of chapter 256B provides that stockholders’ meetings shall be held “within the Commonwealth, or, to the extent permitted by the articles of organization, elsewhere in the United States.” G.L.c. 156B, §35. Article First, Section 3 of the Telcom USA by-laws (“Section 3”) makes three different provisions for meetings, depending on who calls the meeting and allows for adjournment locations.[6] Special meetings, such as at issue here, “shall be held at the office of the Corporation in Wakefield, Massachusetts ... or at other such place within the Commonwealth ... or elsewhere within the United States ... as the directors may fix.”[7] The Boston law office of Brody, Hardoon, Perkins & Resten LLP, where the special meeting took place, was an authorized location. It is a place within the Commonwealth, fixed by directors of Telcom USA, Casale and R. Casale.
*551 The plaintiffs, however, ask the court to focus on a different clause of the by-law. “[A] special meeting may be held at any place approved in writing by every stockholder entitled to notice of the meeting.” They contend that, because Pasquale was a shareholder entitled to notice of the meeting, her written approval was required before the meeting could be held anywhere other than the corporate headquarters in Wake-field. This misconstrues the by-laws. Section 3 provides several alternative procedures for establishing the location of a stockholders’ meeting. The requirements are not cumulative. The defendants’ actions complied with a valid means of setting the location of the special meeting.
C. Notice of the Special Meeting
Finally, the plaintiffs allege that the notice of special meeting was defective, specifically as to the manner in which it was issued. Chapter 156B and the by-laws have identical requirements.[8] Notice must be given at least seven days prior to the meeting, and must state the date, place and time of the meeting as well as its purpose. G.L.c. 156B, §36. See also Article First, Section 4, of the by-laws. The statute and the by-laws differ only as to who is authorized to give the notice.
Plaintiffs claim that the by-laws, which allows only the clerk or another officer authorized by the board to give notice, controls. As neither of the Casales have ever been officers of Telcom USA, the notice would be deficient if the by-laws controlled; however, the statute governs. It provides that notice may be given by the clerk of the corporation, “or other person authorized by the by-laws or empowered pursuant to [G.L.c. 156B] section thirty-four.” G.L.c. 156B, §36. The directors of the corporation are empowered by section thirty-four. G.L.c. 156B, §34. The plaintiffs’ claimfails, as the statutory language controls where there is a conflict with the by-laws. Casale and R. Casale were directors of Telcom USA when they authorized the notice on August 30, 2001.[9] As the document meets the other requirements, it was valid notice of the special meeting.

III. The Defendants Are Entitled to Judgment as a Matter of Law

Summary judgment may be entered against the moving party. Mass.R.Civ.P. 56(c) This is appropriate in the instant case. A dispute of fact cannot be alleged by the plaintiffs, “[bjecause by definition the moving party is always asserting that the case contains no factual issues.” Reporter’s Notice to Mass.R.Civ.P. 56(c) (1973). The claims under G.L.c. 231A required the Court to declare the rights of the parties. The defendants acted legally with respect to the conduct, location and noticing of the September 13, 2001 special meeting.
As there is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law, summary judgment shall be entered for the defendants on Counts II and IX of plaintiffs’ complaint.
ORDER
For the foregoing reasons, plaintiffs’ motion for partial summary judgment is DENIED and summary judgment is GRANTED for the defendants on counts II and IX of the plaintiffs’ compliant.

The court notes the complete change in grounds asserted for declaratory judgment between plaintiffs’ Complaint and the motion for partial summary judgment. The proper procedure would have been to seek leave to file an amended complaint. The court will nevertheless address the claims asserted by the plaintiffs in the motion.

The parties dispute this point. The plaintiffs contend that Pasquale did object. However, this fact is ultimately not material.

Counts II and IX make identical claims. Count II asserts the right of Pasquale, count IX La Posta. However, La Posta is not a shareholder of Telcom USA and thus lacks standing to bring these claims. Plaintiffs’ motion for partial summary judgment is denied as to Count IX.

ART1CLE FIRST, Section 3, of the Telcom USA by-laws, provides in part that: “Special meeting shall be held at the office of the Corporation in Wakefield, Massachusetts ... or at other such place within the Commonwealth ... or elsewhere within the United States ... as the directors may fix, or, if the meeting is called upon the application of stockholders, at such place as shall be stated in the Application therefore, or the place to which such meeting may be adjourned: provided, however, that a special meeting may be held at any place approved in writing by every stockholder entitled to notice of the meeting or at which every stockholder entitled to such notice shall be present and represented at the date and time of the meeting.”

Though there was not an official action of the board establishing the location of the special meeting, the actions by Casale and R. Casale, as individual directors, in this circumstance are acceptable. As the majority shareholder, there is not question but that Casale ultimately had the authority to require that a special stockholders’ meeting be held, at a location designated by him. The defendants substantially complied with the requirements of the by-laws. See, e.g., Boericke v. Weise, 156 P.2d 781, 785-86 (Cal.Ct.App. 1945) (notice of special stockholders’ meeting called by three directors who owned over 49% of stock substantially complied with by-laws requiring meeting be called by “the Directors”).

General Law chapter 156B, section 36, provides in part that: “[WJritten notice of the place, date and hour of all meetings of stockholders stating purpose of the meeting shall be given by the clerk ... (or other person authorized by the by-laws or empowered pursuant to section thirty-four) at least seven days before the meeting to each stockholder entitled to vote thereat.”
ARTICLE FIRST, Section 4, Telcom USA by-laws, provides in part that: “Written notice of the place, date, hour, and specifying the purpose of every meeting of stockholder, shall be given by the Clerk or by any other officer designated by the directors or these By-Laws, at least seven days before the meeting, to each stockholder entitled to vote thereat. If a special meeting is called upon written stockholder application and the Clerk shall be unable or shall refuse to give notice thereof, notice may be given by any other officer of the corporation. Such notice may be delivered in hand to each *552 stockholder entitled to notice, at his residence or usual place of business or mailed to him, postage prepaid, addressed to his address as it appears in the records of the corporation. No notice of any meetings need be given a stockholder if a written waiver of notice executed before or after the meeting, and, if notice of a special meeting shall be waived by all stockholders entitled to notice thereof, by call of such special meeting shall be required.”

As to their actions as individual directors, versus action by the board, see footnote 7, supra.