McCanN, J.

INTRODUCTION

The attorney for the plaintiff Paul J. McGrath, Jr. John R. Maciolek, Esq. The attorney for the Commonwealth of MassachusettsAssistant Attorney General Joseph Callanan.
This is an eminent domain action brought by the plaintiff, Paul McGrath (“McGrath”) against the defendant, Metropolitan District Commission (“MDC"), seeking a determination of rights as to a certain 40-foot right of way. This matter is currently before the Court on the plaintiffs motion for an order allowing access. For the reasons set forth below, the motion is ALLOWED.

BACKGROUND

The statements of fact, as agreed upon by both parties in advance of this motion, are as follows: McGrath owned a 7.92-acre parcel of land in the Town of Holden that had a frontage on Princeton Street, a public way and bordered the Quinapoxet River and land owned by the City of Worcester and another person. Under the “approval not required” (“ANR”) process of the Subdivision Control Law, G.L.c. 41,8 IP, McGrath recorded an ANR plan that divided his parcel into seven lots. The plan was recorded on April 11, 1986 in the Worcester County Registry of Deeds. Six of the new lots were less than one acre in size but larger than the minimum zoning requirement of 40,000 square feet. The remaining land is 5.54 acres in size, borders the Quinapoxet River and has 125 feet of frontage on Princeton Street. The ANR plan shows a 40-foot wide right of way along the northern boundary of Lot 1 stretching from Princeton Street to the boundary of McGrath’s remaining land. McGrath uses this 40-foot right of way to gain access to his house and remaining land.
At the time McGrath recorded the ANR plan, he owned both Lot 1 and the remaining land. In 1986, McGrath sold Lots 2, 4, 5 and 6 of the ANR lots. On January 12, 1996, the MDC recorded an Order of Taking (“the Order”) acquiring Lots 1 and 3 by eminent domain for the purposes of watershed protection. The Order was recorded on January 12, 1996 in the Worcester County Registry of Deeds. The terms of the Order specifically excluded from the taking “all easements of record, on, over, under, across and through said land.” The MDC did not intend to eliminate McGrath’s access across the 40-foot right of way when it ordered the taking of Lot l.[2] Indeed, the only other possible access to McGrath’s remaining land and house is across a section of land between Lots 1 and 2. That section of McGrath’s property, however, has a stream running across the land down to the Quinapoxet River. In order to use the land with the stream across it for access, McGrath would be required to gain approval pursuant to the Wetland Protection Act, G.L.c. 131, 40. The cost of permitting and constructing an access road across the land burdened with the stream would be greater than the cost of maintaining the existing 40-foot right of way. Accordingly, McGrath now moves this Court to allow him to continue to maintain access to his remaining properly via the 40-foot right of way.

DISCUSSION

The sole issue to be determined on this motion is whether McGrath retained an easement in the 40-foot portion of land taken by the MDC. McGrath’s argument in favor of the easement is twofold. He first argues that the plain language of the Order excludes from the taking the 40-foot right of way that he uses to access his remaining land. In the alternative, McGrath argues that even if the language of the Order does not specifically exclude his right of way from the taking, he obtained an easement by implication when his unity of interest in the two parcels of land was severed. The MDC, in turn, argues that the plain language of the Order only excludes easements of record. Additionally, the MDC argues that under Massachusetts law, an easement can only be created by grant, prescription, estoppel, or necessity. The MDC asserts that McGrath has not met the requirements to establish an easement under any of these theories. This Court finds that McGrath does have an easement over the 40-foot right of way.
An easement generally speaking is the use of land of another by a public or private individual for precise and definite purposes. Commercial Wharf East Condominium v. Waterfront Parking Corp., 407 Mass. 123, *693 133 (1990). Under Massachusetts law, an easement can only arise by grant, prescription, estoppel or implication. Silverleib v. Hebshie, 33 Mass.App.Ct. 911, 911-13 (1992). An easement by implication typically arises either by necessity or upon severance of common ownership of dominant and servient tenements. Id. (noting that “easements by implication generally are created when land under single ownership is severed and the easement is reasonably necessary for the enjoyment of one of the parcels”); New England Continental Media, Inc. v. Milton, 32 Mass.App.Ct. 374, 378 (1992) (stating that “[an] easement by necessity is said to arise (or be implied) by necessity when a common grantor carves out what would otherwise be a landlocked parcel”). Under the latter theory, it is well established that the “owner of land may make use of one part of his land for the benefit of another part in such a way that upon a severance of the title!,] an easement, which is not expressed in the deed, may arise that corresponds to the use which was previously made of the land while it was under common ownership.” Krinsky v. Hoffman, 326 Mass. 683, 687 (1951), citing Joyce v. Devaney, 322 Mass. 544, 549 (1948); see also Sorel v. Boisjolie, 330 Mass. 513, 516 (1953) (noting that an easement by implication will be granted where it “is reasonably necessary for the enjoyment of the other part of the parcel”).
An implied easement “must be found in a presumed intention of the parties, to be gathered from the language of the instruments when read in the light of the circumstances attending their execution, the physical condition of the premises, and the knowledge which the parties had or with which they are chargeable.” Dale v. Bedal, 305 Mass. 102, 103 (1940). “The burden of proving the intent of the parties to create an easement which is unexpressed in terms in a deed is upon the party asserting it.” Mt. Holyoke Realty Corp. v. Holyoke Realty Corp., 284 Mass. 100, 105 (1933).
Based on the facts of the instant case, this Court finds that McGrath holds an easement in the 40-foot road over Lot 1. As an initial matter, this Court examines the language of the Order, to determine whether the 40-foot right of way is excluded as an explicit easement. A plain reading of the Order reveals that the taking does exclude “all easements of record.” At first glance, this language appears to exclude the disputed 40-foot right of way from the taking. As previously noted, McGrath did outline the right of way in the ANR plan and subsequently recorded the plan in the Worcester Registry of deeds. But, as the MDC aptly notes, the mere registration of the ANR plan was not sufficient to establish a legal easement. Under Massachusetts law, a common owner of two parcels of land cannot, as a matter of law, create a legal easement over one parcel to benefit another parcel of his own land. Holyoke Realty Corp., 284 Mass. at 105. In the instant case, McGrath held a unity of interest in Lot 1 and the remaining 5.54 acres of land. Accordingly, an explicit easement of record was not created by his registration of the ANR plan and the 40-foot right of way was, therefore, not explicitly excluded from the taking.
Absent a finding that an explicit easement of record existed, this Court considers whether an easement by implication was established. This typically requires a court to first determine whether the parties had the requisite intent to create an easement by implication. Krinsky, 326 Mass. at 687. In the instant case, this Court looks no further than the parties’ agreed statement of facts to note that the parties have already agreed the MDC did not intend to eliminate McGrath’s right of way. Indeed, the attached February 2, 1996 letter from the MDC to McGrath’s attorney clearly evidences the MDC’s initial intent to exclude the 40-foot right of way from the taking and even goes so far as to propose new language to rewrite the Order, explicitly excluding the disputed right of way.
The MDC argues that under Sugar v. MATA, 28 Mass.App.Ct. 443, 445 (1990), the subjective intent of the MDC, as evidenced by the aforementioned letter, is beyond the scope of judicial scrutiny. This argument is unpersuasive. In Sugar and similar cases such as Despatches’ Cafe, Inc. v. Somerville Housing Authority, 332 Mass. 259 (1955), the court was asked to derive the government’s purpose for exercising its eminent domain power and its intent for the scope of the easement. This Court does not purport to scrutinize either the MDC’s purpose or intention, but seeks only to apply the agreed-upon facts to the applicable law.
The next inquiry is whether necessity requires the implementation of an easement by implication. The record reveals that absent the 40-foot right of way, McGrath’s only other point of access is through the opening between Lot 1 and Lot 2. This opening is currently obstructed by a stream running across McGrath’s remaining land down to the Quinapoxet River. The MDC argues that this obstruction is not sufficient to necessitate an easement by implication. This Court disagrees. “When the evidence establishes the requisite intent it is now settled that the necessity of the easement for the enjoyment of the land conveyed is not an absolute physical necessity, but no more than a reasonable necessity.” Holyoke Realty Corp., 284 Mass. at 105. In the instant case, the circumstances requiring the implementation of an easement by implication rise far above a level of mere “convenience” for McGrath. Harvey Corp. v. Bloomfield, 320 Mass. 326, 329 (1946). Absent such an easement, McGrath would have to construct a new road, arguably including a bridge, over wetlands which the MDC has already sought to protect for watershed. Accordingly, this Court finds that the continued use of the 40-foot right of way is reasonably necessary. [3]
Relying on New England Continental Media, Inc., the MDC makes a final two-fold argument that an easement should not be granted. First, the MDC ar *694 gues that a taking by eminent domain cannot create an easement by necessity. This case, however, does not involve an easement by necessity, but rather an easement implied from the severance of ownership, in which both parties intended the right of way to survive.[4] Second, the MDC implicitly argues that an easement by necessity cannot arise because Lot 1 was not conveyed to the MDC by McGrath, but rather taken though the Commonwealth’s power of eminent domain. As previously noted, this case involves an implied easement from severance of ownership. As such, the creation of the easement “does not depend upon the use of a particular form of instrument.” Holyoke Realty Corp., 284 Mass. at 106. Indeed, easements by implication have arisen “by giving an ordinary deed, by grant or reservation; upon the delivery of a lease; upon a set-off on levy of an execution; or by a devise in a will.” Id. Therefore, this Court finds that an easement by implication from severance of common ownership arose in this case.

ORDER

For the reasons stated herein, it is hereby ORDERED that the plaintiffs Motion for an Order Allowing Access is ALLOWED.

McGrath has always used, and continues to this day to use, the 40-foot right of way to access his remaining land.

The final element of knowledge, necessary to implement an easement by implication is undisputed. The MDC was aware that McGrath’s use and enjoyment of his property required the access to the 40-foot right of way. As such, the MDC sought to exclude easements of record from the taking and to modify this language when it subsequently failed to provide legal access.

In New England Continental Media, Inc., the town intended to take the land in fee simple, unencumbered by easement rights. New England Continental Media, Inc., 32 Mass.App.Ct. at 377. In the instant case, both the language of the Order, excluding easements of record, and the agreed statements of the parties show that the MDC did not intend to take Lot 1 in fee simple.